IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MONICA WATTS                                                  PLAINTIFF

V.                                                                 CIVIL ACTION NO. 3:24-CV-81-DAS

COMMISSIONER OF SOCIAL SECURITY                          DEFENDANT

## MEMORANDUM OPINION AND JUDGMENT

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding her application for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 11. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds the decision of the Commissioner of Social Security should be remanded.

## FACTS

The plaintiff, Monica Watts, filed her application for benefits on May 14, 2020, alleging onset of disability commencing on June 10, 2017. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on June 7, 2021. The Appeals Council denied the plaintiff's request for review, and the plaintiff appealed to this court. The case was voluntarily remanded to the ALJ. Again, following a second hearing, the ALJ entered an unfavorable decision on August 17, 2023. The Appeals Council denied the plaintiff's second request for review, and this timely appeal followed.

The ALJ determined the plaintiff had the following severe impairments: diabetes mellitus, hypertension, degenerative disc disease, and obesity. The ALJ found she retained the residual functional capacity (RFC) to perform light work, with the following additional limitations: occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; occasionally balance, stoop, and kneel, but never crouch or crawl; and never work at unprotected heights or around moving mechanical parts. The ALJ found the plaintiff could perform her past relevant work as a screw machine operator, nursery worker, and retail clerk as actually and generally performed and as a toy department manager as actually performed.

## ANALYSIS

The plaintiff raises two issues for appeal. First, she contends the ALJ's RFC is not supported by substantial evidence because the ALJ incorrectly assessed Dr. Lund's medical source statement. Dr. Lund opined the plaintiff was limited to two hours of standing and/or walking in an eight-hour workday and was also limited in her ability to push and/or pull with her lower extremities. Dr. Lund attributed these limitations to "severe pain in her left foot when standing, pushing, pulling, or during any strenuous activity" and "a previous fracture in the top of her left foot causing severe pain." The ALJ's decision discusses Dr. Lund's assessment of limitations consistent with a sedentary range of exertion but notes none of his treatment occurred within the relevant time period. Considering the supportability and consistency factors under 20 C.F.R. § 404.1520c(b)(2), the ALJ concluded Dr. Lund's opinion was not supported by examinations during the relevant time period and was not consistent with the other medical and nonmedical sources during the relevant time period.

While the ALJ's discussion of Dr. Lund's opinion was not extensive, the court declines to find it insufficient. Dr. Lund treated the plaintiff a year *prior* to the alleged onset date and only

again two years *after* the date last insured. Accordingly, the ALJ accurately assessed that Dr. Lund's opinions are not supported by any examinations *during* the relevant time period. As for the consistency of Dr. Lund's opinion, the ALJ's decision cites normal examination findings including full range of motion, no joint swelling, no edema, and a normal gate. The ALJ further notes examinations through the date last insured documenting "no abnormalities." Therefore, the court finds substantial evidence exists in the record supporting the ALJ's determination that Dr. Lund's opinion is not persuasive.

Next, the plaintiff contends the ALJ erred in failing to consider her lower extremity condition a severe impairment. Citing *Stone v. Heckler*, the plaintiff argues this condition is more than a "slight abnormality" affecting her ability to walk and stand and was not given proper consideration by the ALJ. *Stone*, 752 F. 2d 1099 (5th Cir. 1985) ("[A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience."). At the hearing in this case, the Commissioner conceded the plaintiff's lower extremity condition should have been considered a severe impairment. However, the Commissioner maintains the error is harmless because the ALJ proceeded to steps four and five of the sequential evaluation process and cites several Fifth Circuit cases reflecting this reasoning. *See, e.g.*, *Adams v. Bowen*, F.2d 509 (5th Cir. 1987); *Mays v. Bowen*, 837 F.2d 1362 (5th Cir. 1988); *Harrell v. Bowen*, 862 F.3d 471 (5th Cir. 1988). The court agrees the ALJ erred in failing to consider the plaintiff's lower extremity condition to be a severe impairment but cannot conclude the error is harmless.

In at least three recent decisions, this court has held "it is not the fact of going beyond step two that may purge prejudice from an erroneous step two decision." *Tramel v. Kijakazi*,

2023 WL 8459009, at *7 (N.D. Miss. Dec. 6, 2023); *see also Royal v. Kijakazi*, 2022 WL 17490493, at *2 (N.D. Miss. Dec. 7, 2022) and *Wright v. Kijakazi*, 2022 WL 3129572, at *1 (N.D. Miss. Aug. 4, 2022). In these cases, the court explained that "even if an impairment is found non-severe at step two, the ALJ must still 'consider the limiting effects of all [a claimant's] impairment(s), even those that are not severe, in determining the [RFC].'" *Id*. (quoting *Cagle*, 2013 WL 2105473, at *5 (S.D. Tex. May 14, 2013) (citing 20 C.F.R. §§ 404.1545(e), 416.945(e); 20 C.F.R. § 404.1523; Social Security Ruling 96–8p, 1996 WL 374184, at *5; and *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir.2000) (The ALJ must "consider the combined effects of all impairments, without regard to whether any such impairment, if considered separately, would be of sufficient severity.")). "The prejudice of a step two error is cured and becomes harmless only if all of the claimant's limitations, including any limitations arising from any non-severe conditions, are included in the RFC." *Royal*, 2022 WL 17490493, at *2.

      Here, the ALJ acknowledges the plaintiff's history of Achilles tendinitis and peripheral neuropathy, yet the ALJ did not consider the limiting effects of these impairments – whether severe or non-severe – in determining the RFC, and therefore, the case must be remanded. Even though the treatment records related to the plaintiff's lower extremity impairments were generated outside the relevant time period, the plaintiff reported taking gabapentin during the relevant period which at least minimally suggests persistent lower extremity symptomology. While the ALJ assigned functional limitations greater than those assessed by the State Agency physicians, the RFC determination altogether fails to consider whether the lower extremity impairment – even if appropriately deemed non-severe – would result in additional limitations. Because the plaintiff's lower extremity conditions were not accounted for in the ALJ's RFC

discussion, the step two error cannot be deemed harmless. The Commissioner's decision is reversed, and this case is remanded for further proceedings consistent with this order.

SO ORDERED, this the 23rd day of January, 2025.

/s/ David A. Sanders
U.S. MAGISTRATE JUDGE